[No. C.D. 6149.   En Banc.   October 11, 1979.]

*In the Matter of the Disciplinary Proceeding*
*Against* JOSEPH BENEDICT ZDERIC, *an*
*Attorney at Law.*

*Robert T. Farrell,* for Bar Association.

*Jack E. Tanner, Charles Herrmann, Robert Felker,* and *Tanner, McGavick, Felker, Fleming, Burgess & Lazares,* for respondent.

Hicks, J.—This attorney disciplinary action is before the court on the recommendation of the Disciplinary Board of the Washington State Bar Association (the Board) that the respondent, Joseph Benedict Zderic, be disbarred from the

practice of law, be issued 14 reprimands and be assessed $17,116.63 in costs. As modified, we adopt the recommendations of the Board.

Zderic was admitted to the practice of law in Washington in 1967. Following a period of employment as a government lawyer, he entered private practice, handling both civil and criminal matters. July 25, 1977, a formal complaint was filed in the office of the bar association charging Zderic with 16 counts of misconduct. (Two additional counts were added by amendment.) The charges of misconduct in the complaint involved Zderic's actions while a sole practitioner.

March 1, 2, 3 and 7, 1978, a disciplinary hearing was conducted on the amended complaint before a member of the Board, designated as the Hearing Panel (HP) officer. Zderic was present and represented by counsel. During the pendency of the disciplinary proceedings, this court entered an order temporarily suspending Zderic from the practice of law pursuant to DRA 9.2. The suspension is still extant.

April 24, 1978, the HP officer entered findings of fact on the 18 counts and concluded that Zderic was guilty of misconduct as to 12 counts. Recommended sanctions included two reprimands, a censure and a 6–month suspension from the practice of law. The Board reviewed the matter and adopted the findings of fact of the HP officer with minor modifications; modified the conclusions of law regarding counts 1, 7, 8 and 14 of the complaint; and modified the recommended discipline. Based on findings of misconduct on 15 counts, including a finding of unfitness to practice law, the Board imposed 14 reprimands on Zderic and recommended his disbarment. The Board also approved assessment of costs in the amount of $17,116.63. One member of the Board, the HP officer, dissented from the disbarment recommendation and modification of count 14. The HP officer also dissented from modifying the findings of misconduct regarding counts 7 and 8, and was joined by another member of the Board.

In his opening brief to this court, Zderic raised general objections to the Board's findings and conclusions regarding 10 counts, citing no authority. *See* DRA 6.2(a). We have held that points not argued or discussed in the opening brief and introduced the first time in the reply brief will not be considered on review. *In re Kennedy,* 80 Wn.2d 222, 236, 492 P.2d 1364 (1972). Because of the gravity of the Board's recommended discipline and the fact that arguments in the reply brief augment the general objections raised in the opening brief, we are inclined to relax that rule in this instance. *See In re Kerr,* 86 Wn.2d 655, 658, 548 P.2d 297 (1976). Giving full consideration to the issues discussed in the reply brief, only 5 counts of the formal complaint are challenged. (Nos. 1, 7, 8, 14 and 17.) In addition, respondent contests the recommended sanction of disbarment and the assessment of over $17,000 in costs. Zderic has admitted that the remaining counts, for which the HP officer and the Board entered findings of misconduct, are "basically true."[1] (Nos. 2–6, 9, 10, 12, 13 and 18.)

We have meticulously scrutinized the voluminous record in this matter. We believe that our ultimate disposition must take into account the *number* of serious charges of misconduct, an amount exceeding that of any previous disciplinary case before this court. After indulging in every presumption in favor of respondent, we are left with an abiding conviction that Zderic should not be practicing law.

The facts giving rise to these proceedings will be presented in some detail to illustrate the repetitious character of Zderic's misconduct which demonstrates an insensitivity to or a flagrant disregard of disciplinary rules and canons of professional responsibility. In addressing the numerous counts against Zderic which the Board found to be established, we adopt the following categorization of the bar counsel: (1) unfitness to practice law demonstrated by a pattern of specific conduct charged in the remainder of the

---

[1] Neither the HP officer nor the Board found violations as to counts 11, 15 and 16.

complaint (count 1); (2) violation of professional duties in handling criminal appeals (counts 2–10, 18); (3) neglect in representing criminal defendants at trial (counts 12–14); and (4) mishandling of clients' funds (count 17).

## UNFITNESS TO PRACTICE LAW

The HP officer concluded that the findings as a whole did not warrant a conclusion that Zderic was unfit to practice law under (CPR) DR 1–102(A)(6). He found Zderic's conduct to be "careless and neglectful" and concluded that this demonstrated a violation of (CPR) DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice). The Board modified the HP officer's findings to describe Zderic's conduct as "incompetent, deceitful, neglectful" and unprofessional in several aspects of his practice. Accordingly, the Board modified the HP officer's conclusions, finding a violation of (CPR) DR 1–102(A)(6) (unfit to practice law).

Zderic argues that the more serious counts against him, *i.e,* those involving moral turpitude were not sustained.[2] He argues that at the most, the established counts demonstrate neglectful conduct, for which this court has previously imposed no greater sanction than suspension.

Count 1 may be characterized as a charging technique. DRA 1.1(k). The Board's conclusion to that count is the basis for its disciplinary recommendation of disbarment. Thus, consideration of the respondent's objections to count 1 will be deferred until our discussion below of the appropriate sanction.

## NEGLECT OF CRIMINAL APPEALS

The second category involves neglect of criminal appeals and failure to comply with procedural rules, resulting in dismissal of the appeals. (Counts 2–10, 18.) The most recent dismissal occurred more than 1 month after Zderic

---

[2]No disciplinary violations were found as to counts 11, 15 and 16. Count 11 alleged respondent had counseled a client to violate the law in contravention of a court order. Count 15 alleged bribery and perjury. Count 16 alleged repeated failure to pay a court reporter.

had been served with the complaint in this disciplinary proceeding. (Count 18.) The HP officer concluded that all allegations of misconduct were sustained, except counts 7 and 8. The Board modified the conclusions, finding misconduct on all counts in this category. Zderic does not contest counts 2–6, 9 and 10 for which both the HP officer and the Board found violations. He does contest the Board's modifications regarding counts 7 and 8.

Count 2 involved Zderic's representation of two criminal defendants appealing felony assault charges. Zderic had represented the defendants at trial. He was paid at least $2,500 for prosecuting the appeals. He filed notices of appeal for both defendants; however, the appeals were dismissed for failure to prosecute. Zderic failed to advise either defendant of the dismissal and when confronted, he stated he was without fault. Although the defendants secured new counsel to prosecute their appeals, Zderic failed to refund any of the funds advanced for the appeals.

Count 3 involved a criminal appeal for which Zderic neither filed nor procured a statement of arrangements or report of proceedings. He failed to inform his client of the subsequent dismissal of the appeal and he failed to refund any portion of the $750 advanced fee. Count 4 concerned dismissal of a criminal appeal upon Zderic's failure to pay the filing fee and his failure to provide information requested by the trial court to determine whether the appeal could proceed in forma pauperis. The client was not advised of the dismissal or the reason therefor. The trial court denied Zderic's subsequent motion to proceed as an indigent nunc pro tunc. Zderic did not refund any portion of the $1,200 fee he received to prosecute the appeal.

Count 5 pertains to an appeal of a criminal judgment. Zderic received payments totaling $500 for his fee on appeal. His client requested that a motion be made to proceed at public expense; however, no such motion was filed. The Court of Appeals dismissed for failure to prosecute the appeal. Subsequently appointed counsel was able to reinstate the appeal. Count 6 involved representation of a client

in two criminal matters resulting in conviction and imprisonment. Zderic was then paid $600 to prosecute the appeals. Notices of appeal were filed and the client was released on bond. Zderic failed to file a statement of arrangements, a report of proceedings or an appellate brief. The appeals were dismissed for lack of prosecution. The client was first notified of the dismissals when he was subsequently arrested. The client was ultimately released on intensive parole. Zderic refused to refund any part of the $600, contending he was instrumental in obtaining the release on parole, thus had earned the fee.

Count 9 pertains to a criminal appeal in which Zderic filed notice of appeal in this court. He filed an untimely statement of arrangements in which he asserted payment arrangements for the court reporter had been made by his client when, in fact, no such arrangements had been made. Zderic filed a motion for appeal at public expense in the trial court. The motion was denied following several postponements of the hearing date. This court found Zderic in contempt for violation of RAP 9.5. He was later purged of contempt by payment of the fine.

Count 10 also involved a criminal appeal for which Zderic, who was not trial counsel, was initially paid $200. The client informed Zderic of her need to proceed at public expense. A much belated motion to so proceed was denied as untimely and not in compliance with RAP 15.2(a). Impelled by a Court of Appeals notice of pending dismissal for lack of prosecution, Zderic filed in that court a statement of arrangements in which he stated that the preparation of the report of proceedings depended upon resolution of the motion to proceed as an indigent, though the trial court had denied such a motion. In Zderic's absence, the client personally appeared before the trial court and moved to proceed as an indigent. The motion was granted. The Court of Appeals assessed Zderic with a fine for failure to timely file the report of proceedings and appellant's brief, and a motion to dismiss was noted. Zderic contacted his client demanding $600 or he would drop the appeal. He

appeared on the date noted for the dismissal and requested to withdraw as counsel. The Court of Appeals permitted withdrawal. After the trial court appointed new counsel, the appeal was reinstated.

Count 18 also concerns an appeal from a felony judgment. Zderic had represented the client at trial; he filed notice of appeal and a motion to proceed in forma pauperis. Without his client's consent, he failed to pursue the appeal. It was subsequently dismissed for lack of prosecution. Zderic never informed his client of his intention not to proceed and did not seek to withdraw from the appeal.

We agree with the HP officer and the Board that Zderic's neglectful conduct in counts 2, 3, 4, 5, 6, 9 and 18 violated (CPR) DR 6–101(A)(3) (neglect of legal matter) and (CPR) DR 7–101(A)(1), (2) and (3) (duty to represent client zealously, including carrying out contract of employment). His failure to return unearned fees paid in advance (counts 2, 3 and 4) violates (CPR) DR 2–110(A)(3). His conduct in withdrawing from appeals without permission or notice to his clients violates (CPR) DR 2–110(A)(2) (counts 3, 5 and 6).

In this second category, Zderic objects to the modification of the conclusions made by the Board regarding counts 7 and 8. Apparently, he does not object to the HP officer's findings adopted by the Board. The findings in counts 7 and 8 reveal that Zderic issued NSF checks for filing fees in two separate criminal appeals, resulting in the court's refusal to accept the appeals. The HP officer concluded that there was no "wrongful conduct" because Zderic was not notified of the checks' dishonor until the refiling period had elapsed. The Board concluded this conduct was neglectful and in violation of (CPR) DR 6–101(A)(3) and (CPR) DR 7–101(A)(1), (2) and (3).

Although, as Zderic asserts, the HP officer's findings of fact may be entitled to greater weight, it is the Board's conclusions which are to be accorded the greater weight. *In re Caplinger,* 89 Wn.2d 828, 834–35, 576 P.2d 48 (1978). Based upon the unchallenged findings, we believe Zderic's

conduct in counts 7 and 8 indicates neglect and a violation of (CPR) DR 6–101(A)(3). We are unable to concur in the Board's conclusion that there was also a violation of (CPR) DR 7–101(A) which requires "intentional" action.

## NEGLECTFUL REPRESENTATION AT CRIMINAL TRIALS

The third category concerns improper representation of criminal defendants at trial. The Board accepted the HP officer's findings and conclusions with the exception of count 14. The Board modified count 14 to reflect a violation of (CPR) DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice). Zderic has not challenged the findings and conclusions of counts 12 and 13; however, he objects to the Board's modification of count 14.

Count 12 charged failure to notify a client of the date of his criminal trial and abandoning the case on the eve of trial without the permission of the court or the client. Zderic apparently dropped the case upon the client's failure to pay the $300 balance of his fee. The defendant was able to obtain a continuance of trial and thereafter the court appointed counsel. Count 13 concerned Zderic's repeated failure to appear for scheduled hearings in various criminal trials: (1) two instances of failure to appear for sentencing hearings; (2) failure to appear for an arraignment hearing; (3) repeated failure to appear at omnibus hearings; and (4) failure to appear at trial, resulting in a contempt of court citation. Respondent has not challenged the Board's conclusions that the conduct described in counts 12 and 13 constituted violations of (CPR) DR 6–101(A)(3) and (CPR) DR 7–101(A)(2) and (3).

Count 14 involves alleged deception in obtaining a continuance of a criminal trial. Apparently, Zderic does not object to the findings which establish that he obtained a continuance by assuring the judge and prosecutor, without his client's authorization, that the speedy trial rule, CrR 3.3, would be waived. Zderic subsequently moved to dismiss for violation of CrR 3.3. The motion was denied.

Although no written waiver was filed, the bar asserts that Zderic represented to the court that his client had or would execute and file such a waiver immediately. At the hearing, there was conflicting testimony as to what actually transpired. The HP officer concluded that while Zderic may have misled the court and prosecutor, the evidence failed to establish an intent to mislead, therefore, the charge was not proven. The Board modified the conclusion to find a violation of (CPR) DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice). We concur with the Board's conclusion.

## MISHANDLING OF FUNDS

The final category involved Zderic's handling of advanced funds and settlement checks in civil matters. Count 17 alleged that advanced fees were not deposited in a separate trust account, receipts were issued only upon demand, and the minimal record–keeping system failed to satisfy (CPR) DR 9–102(A)(1) and (2) and (CPR) DR 9–102(B)(3). The Board concurred with the HP officer's findings and conclusions.

Zderic admits that his record–keeping system was inadequate and in violation of (CPR) DR 9–102(B)(3). He does not challenge the findings of fact. He does argue, however, that retainers need not be held in trust until services are actually rendered. We note the apparent confusion about the status of retainer fees. *Compare* 32 Wash. State Bar News No. 7, at 11 (July 1978) *with* 31 Wash. State Bar News No. 7, at 22 (July 1977). Until the bar association clarifies its position regarding retainer fees which have not been earned in full, we will not consider the issue in a disciplinary proceeding. Nevertheless, we are in agreement with the HP officer and the Board that Zderic's improper accounting practices and inadequate records violated (CPR) DR 9–102(B)(3).

## Appropriate Sanctions

The Board, with the HP officer dissenting, found Zderic unfit to practice law. (CPR) DR 1–102(A)(6). It recommended his disbarment, together with imposition of 14 reprimands.

While the HP officer's findings of fact may be entitled to greater consideration than any modifications made by the Board pursuant to DRA 5.6(a) (*In re Caplinger, supra* at 834), we have frequently stated that serious consideration will be given to the recommendation of the Board as to the appropriate discipline. *In re Smith,* 83 Wn.2d 659, 663, 521 P.2d 212 (1974). Nevertheless, the ultimate responsibility for determining the measure of discipline rests with this court. *In re Kennedy,* 80 Wn.2d 222, 492 P.2d 1364 (1972). The two basic purposes of attorney discipline are to protect the public from future misconduct of an attorney and to preserve public confidence in the legal system. *In re Steinberg,* 44 Wn.2d 707, 715, 269 P.2d 970 (1954).

In an individual case, however, recitation of disciplinary purposes does not resolve the issue of appropriate discipline, which must be determined by the facts and circumstances of each case. This court has reiterated several considerations in making this determination: (1) the seriousness and circumstances of the offense; (2) avoidance of repetition; (3) deterrent effect upon others; (4) maintaining respect for the legal profession; (5) assurance that those who seek legal services will be insulated from unprofessional conduct. *See, e.g., In re Smith, supra* at 663; *In re Kumbera,* 91 Wn.2d 401, 588 P.2d 1167 (1979); *In re Livesey,* 85 Wn.2d 189, 532 P.2d 274 (1975).

Zderic argues that a lesser sanction is appropriate for several reasons. First, he contends that there is no evidence of moral turpitude in any of the counts for which violations were established. He asserts that when neglect is the gravamen of the proven misconduct, suspension has been the penalty imposed by this court, not disbarment.

■ Disbarment has been the sanction of the court for misappropriation or misuse of client's funds. *See, e.g., In re Cary,* 90 Wn.2d 762, 585 P.2d 1161 (1978). The protection of the public and the preservation of public confidence in the legal system demand no less. As delineated above, Zderic has repeatedly exacted money from his clients for the purpose of representation on appeal and then failed to prosecute the appeals. While this conduct may not constitute embezzlement, it does constitute misconduct of an egregious character which will not be condoned.

■ Zderic also asserts that he has not previously been involved in disciplinary proceedings. He assures the court that, if reinstated, his misconduct will not be repeated. Repentance and restitution may not excuse a breach of disciplinary rules. *In re Pennington,* 73 Wn.2d 601, 606, 440 P.2d 175 (1968). Such factors are relevant, however, in considering the proper discipline to be imposed. *In re Kumbera, supra.*

While Zderic has not previously been involved in disciplinary proceedings, we cannot ignore the numerous charges in the instant complaint. Allegations of misconduct extend from 1975 to September 1977, more than 1 month after these proceedings commenced. Zderic, through counsel, assures the court that he has "learned the error of his ways." Zderic testified at the disciplinary hearing he would no longer accept criminal appeals. He has expressed a willingness to make restitution by writing letters to the criminal defendants involved in counts 2, 3 and 4, enclosing promissory notes for fees charged in the complaint as unearned. On his behalf, we recognize that Zderic has frequently voluntarily represented clients with unpopular causes and of impoverished means. We also note that respondent's misconduct is restricted to his actions as a sole practitioner. As such, he has repeatedly agreed to represent clients for whom he could not or would not adequately prepare, resulting in ignored commitments or clients abandoned without notice.

After consideration of the entire record and upon weighing the public interest and the necessity for a deterrent effect upon other attorneys, we are unable to reach any conclusion other than Zderic should be disbarred as recommended by the Board.

We are in somewhat of a dilemma regarding imposition of costs. The recommended costs of $17,116.63 are extremely high; however, we have little evidence upon which to ascertain if they are excessive. Nevertheless, we believe the costs should be set at an amount that Zderic may have some hope of paying, should he petition for readmittance to the bar. Consequently, we fix costs at $6,000.

It is so ordered.

UTTER, C.J., STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., and HANNA, J. Pro Tem., concur.